IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-03124-RPM

TOPSCHOOL, INC., a Colorado corporation,

    Plaintiff,

v.

EDUCATION ONLINE SERVICES CORPORATION, INC., a Delaware corporation.

    Defendant.

---

## PROTECTIVE ORDER

---

Documents and data may be produced in discovery in this matter that may contain proprietary or confidential data and must be protected from further disclosure. Per Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entry of this Protective Order to provide such protection according to the terms and conditions below.

1. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the undersigned Parties, ORDERED that:

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

6

3.  CONFIDENTIAL documents, materials, and information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys who are actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

   c. the parties, except that Plaintiff, its attorneys or other person shall not disclose Defendant's confidential financial information with Pearson Education or any of its affiliates, officers, agents, attorneys, directors, shareholders or employees;

   d. the Court in this case and its employees ("Court Personnel").

4.  As used in this Protective Order, "document" is defined as provided in Rule 34 of the Federal Rules of Civil Procedure and the materials described in Rule 1001 of the Federal Rules of Evidence, whether in physical or electronic format. A draft or non-identical copy is a separate document within the meaning of this term.

5.  Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of a party or nonparty, or personal or business financial information of a party or nonparty, in which the party or nonparty has a reasonable expectation of privacy or confidentiality. CONFIDENTIAL information shall not be disclosed or used for any purpose

except in pretrial discovery, at the trial, or in preparation for trial, post-judgment matters in this action, or for any appeals of this action.

6. Before disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL."

8. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information;

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

    c. prejudice in any way the rights of a party to seek a Court determination regarding whether particular materials should be produced; or

    d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given promptly to all counsel of record within 35 days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 14 days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed

under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Documents or data that are marked CONFIDENTIAL may be filed under seal. The seal shall be lifted immediately upon a successful challenge to the CONFIDENTIAL designation or the failure of a party marking the documents CONFIDENTIAL to file a motion as required by paragraph 10 of this Order. Notwithstanding anything to the contrary in this Protective Order, "CONFIDENTIAL information" may be used at any litigation proceeding, or at trial, in this action, subject to any evidentiary or other appropriate objections, and any additional protective order(s) that the Court may enter.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Counsel for each party nonetheless may retain one copy of the CONFIDENTIAL documents for the purpose of maintaining a complete file, or to otherwise comply with a requirement set by law, court order, or court rule. A party also may retain a copy of those materials as reasonably necessary or as required by law, court order, or court rule. All such retained documents will not be released, disclosed, or utilized except as provided by this Order, upon written permission of the person or party to whom the CONFIDENTIAL information belongs, or upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL

documents, the destroying party shall provide all parties with an affidavit confirming the destruction. "Conclusion of the case" occurs when: (a) the parties have been dismissed and judgment entered regarding any remaining parties, and the time to file any appeal has passed without the initiation of an appeal; or (b) the exhaustion of any appeals.

13. Nothing in this Protective Order bars a party from using or disclosing its own CONFIDENTIAL information as that party sees fit. This provision does not impair a party's ability to challenge the CONFIDENTIAL designation based on a disclosure that removes any expectation of confidentiality or privacy.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

So ordered this 18th day of May, 2012.

BY THE COURT:

_____
District Court Judge

**APPROVED AS TO FORM AND CONTENT:**

/s/ Joseph G. Webb
Joseph G. Webb
Webb & Schtul, LLC
925 S. Niagara St., Ste. 500
Denver, CO 80224
Ph.: 303.645.4699
Fax: 303.942.3682
Attorney for Defendant

/s/ Matthew D. Macy
Matthew D. Macy
Stewart, Shortridge & Fitzke, P.C.
4 Inverness Court East, Suite 100
Englewood, CO 80112
(303) 694-2000
Attorney for Plaintiff